# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

WILLIE L. MOSBY                                                                                               PLAINTIFF

v.                                    3:24-cv-00199-BRW-JJV

RUSSELL BRINSFIELD,
Sheriff, Jackson County; *et al.*                                      DEFENDANTS

## **ORDER**

Willie L. Mosby ("Plaintiff"), who is confined in the Jackson County Detention Center, has filed a *pro se* Complaint seeking relief under federal and state law.

## I.     FILING FEE

Pursuant to my prior Order, Plaintiff has filed an Application demonstrating he is entitled to proceed *in forma pauperis* ("IFP Application") and is required to pay an initial partial fee of $17.00. (Docs. 2, 5.) If Plaintiff's institutional account does not contain the full amount assessed as an initial partial filing fee, the Jail Administrator shall withdraw any portion of the initial partial filing fee available, even if the account balance is under $10. Regardless of the balance in the account, the Jail Administrator shall continue to withdraw funds until the initial partial filing fee has been paid in full. After the initial partial filing fee has been collected, the Jail Administrator shall collect monthly payments in the amount of twenty percent (20%) of the preceding month's income credited to Plaintiff's institutional account, each time the amount exceeds $10, until the $350 statutory filing fee is paid in full. *See* 28 U.S.C. § 1915(b)(2). All payments forwarded on Plaintiff's behalf must be clearly identified by the name and number assigned to this action.

## II.    SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A. The court

must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* When conducting this review, the court construes *pro se* pleadings liberally. *Solomon v. Petray,* 795 F.3d 777, 787 (8th Cir. 2015). But "labels and conclusions," "formulaic recitation[s] of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint must provide "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.*

### III.  ALLEGATIONS

Plaintiff's Complaint and Supplemental Complaint raise several factually and legally unrelated claims arising under the United States Constitution, Arkansas Constitution, Arkansas statutes, and Arkansas tort law. (Docs. 1, 3.) Specifically, Plaintiff says that: (1) Defendants Jail Administrator Cooper, Court Administrator Vera Doe (last name unknown), and Sheriff Brinsfield falsified records and unlawfully held him in custody for six months; (2) Defendants Doe, Cooper, and Brinsfield violated an Arkansas statute by holding multiple positions within the Jackson County Detention Center; (3) on "multiple occasions" unspecified "jailers" and Sergeant Kendall (who has not been named as a defendant) racially discriminated against him by denying him shower and out of cell time while allowing white prisoners to do so; (4) on an unspecified date Sergeant Kendall used excessive force against him by deliberately fastening the handcuffs too tightly and slamming him against a wall; (5) on an unspecified date Sergeant Kendall failed to protect him from two inmates who splashed him with hot coffee and sprayed him with a disinfectant; (6) on an unspecified date, Jailers Katie Cash and Ann Doe (last name unknown),

neither of whom have been named as Defendants, denied him access to legal materials and use the telephone to call his family; and (7) Jailer Robert Essley used excessive force when he broke Plaintiff's pinky on November 26, 2023, and sprayed him with chemicals on two prior (unspecified) occasions.  Plaintiff brings these claims against Defendants in their official and personal capacities.  There are several problems with the Complaint and Supplemental Complaint.

First, Federal Rule of Civil Procedure 20(a)(2) says multiple defendants may be joined in one lawsuit only if the claims raised against them involve a "question of law or fact" that is "common to all defendants."  Plaintiff's seven factually and legally unrelated claims against multiple defendants are improperly joined in one lawsuit.  Accordingly, I will give Plaintiff thirty days to file an Amended Complaint including <u>only one</u> of the properly joined claims as listed above.  If Plaintiff does not do so, I will only screen his first properly joined claims and recommend the remaining improperly joined claims be dismissed without prejudice so that they may be brought in a separately filed lawsuit.  *See* Fed. R. Civ. P. 21 (a court may *sua sponte* "add or drop" an improperly joined party or claim); *Stephens v. Does*, 777 F. Appx. 176, 177 (8th Cir. Sept. 17, 2019) (unpublished opinion) (affirming dismissal without prejudice of unrelated claims); *Bailey v. Doe*; Case No. 11-2410, 2011 WL 5061542 (8th Cir. Oct. 26, 2011) (unpublished opinion) (affirming a trial court's decision to sever a prisoner's complaint into three separate actions and obligating him to pay three separate filing fees).

Second, Plaintiff's claims against Defendants in their official capacities must be treated as a suit against the county itself.  *See Hall v. Higgins*, 77 F.4th 1171, 1178 (8th Cir. 2023); *Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018).  Because there is no vicariously liability in § 1983 actions, Jackson County cannot be held liable merely because it employs the individuals who may have violated Plaintiff's constitutional rights.  Instead, Jackson County can only be held

liable if the constitutional violation resulted from: "(1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Jackson v. Stair*, 944 F.3d 704, 709 (8th Cir. 2019).  As it currently stands, the Complaint and Supplemental Complaint do not contain plausible official capacity claims.

Third, as to the claims raised against Defendants in their personal capacities, Plaintiff must explain how each Defendant, through his or her own individual actions, personally participated in each constitutional violation.  *Iqbal*, 556 U.S. at 676 (2009); *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (the "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support [§ 1983] liability").  And, as previously explained, Plaintiff says several individuals, who have not been named as defendants, violated his constitutional rights.

Fourth, Plaintiff has not clarified whether he was a pretrial detainee or a convicted prisoner when the constitutional violation occurred.  The Court must have that information to determine whether he has pled a plausible claim for relief.

If he so chooses, Plaintiff may attempt to cure these pleading deficiencies by filing an Amended Complaint within thirty (30) days of the date of this Order.  **Plaintiff is cautioned an Amended Complaint will render the original Complaint and Supplemental Complaint without legal effect.  Only claims properly set out in the Amended Complaint will be considered.**  Therefore, an Amended Complaint must: (1) include only one properly joined claim; (2) name as defendants the individuals who personally participated in that specific claim and explain how each of them did so; (3) provide the dates the claim occurred and specific facts supporting the claim; (4) state whether he was a pretrial detainee or convicted prisoner when the claim occurred; (5) clarify how he was harmed by that violation; and (6) otherwise plead a

4

plausible claim for relief.

**IV.   CONCLUSION**

IT IS, THEREFORE, ORDERED that:

1. Plaintiff's IFP Application (Doc. 5) is GRANTED.

2. The Jail Administrator, designee, or future custodian shall collect the $350 filing fee as directed in this Order.

3. The Clerk shall mail a copy of this Order to the Jail Administrator, Jackson County Detention Center, P.O. Box 647, Newport, AR 72112.

4. Service is not appropriate at this time.

5. The Clerk shall mail a 42 U.S.C. § 1983 complaint form (but not an IFP Application) to Plaintiff with a copy of this Order. If Plaintiff wishes to amend the Complaint, he must complete the new complaint form in its entirety in accordance with this Order, label it an "Amended Complaint," and file it **within thirty (30) days of the date of this Order.** If Plaintiff does not timely and properly do so, some or all of his claims may be dismissed.

Dated this 10th day of December 2024.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

5